IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 25 2018

JEFFREY P. COLWELL
CLERK

Civil Action No. 18-cv-00290-GPG
(To be supplied by the court)

Darius Carlton Hill, Plaintiff

v.

Robert Reardon et al,

Ullrich, Deputy / Jensen Deputy /

Jensen, Deputy / Fullen Widner, sergeant /

Junkala, Sergeant / Luksch, Deputy, Defendant(s).

(*List each named defendant on a separate line. If you cannot fit the names of all defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Section B. Do not include addresses here.*)

---

## PRISONER COMPLAINT

---

**NOTICE**

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

**Plaintiff need not send exhibits, affidavits, grievances, witness statements, or any other materials to the Clerk's Office with this complaint.**

## A. PLAINTIFF INFORMATION

*You must notify the court of any changes to your address where case-related papers may be served by filing a notice of change of address. Failure to keep a current address on file with the court may result in dismissal of your case.*

Darius Carlton Hill #44421-013 / Florence Correctional
(Name, prisoner identification number, and complete mailing address)

Institution inmate Parcels / Po box 6000 Florence Co 81226
(Other names by which you have been known)

*Indicate whether you are a prisoner or other confined person as follows: (check one)*

___ Pretrial detainee
___ Civilly committed detainee
___ Immigration detainee
___ Convicted and sentenced state prisoner
_X_ Convicted and sentenced federal prisoner
___ Other: *(Please explain)* _____

## B. DEFENDANT(S) INFORMATION

*Please list the following information for each defendant listed in the caption of the complaint. If more space is needed, use extra paper to provide the information requested. The additional pages regarding defendants should be labeled "B. DEFENDANT(S) INFORMATION."*

Defendant 1: Chief Robert Reardon "chief" 200 Jefferson County
(Name, job title, and complete mailing address)

Parkway Golden Co, 80419

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? _✓_ Yes ___ No *(check one)*. Briefly explain:

Plaintiff was prisoner at Jefferson County Sherriff's office Detention Center at time of incident. The workplace of Defendant.

Defendant 1 is being sued in his/her _X_ individual and/or _X_ official capacity.

2

Defendant 2: "DEPUTY" Jensen "Deputy" 200 Jefferson County
(Name, job title, and complete mailing address)

Parkway Golden Co 80419

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? _X_ Yes ___ No (*check one*). Briefly explain:

Deputy was working when icident took place with Plaintiff at defendants work Place

Defendant 2 is being sued in his/her _X_ individual and/or _X_ official capacity.

Defendant 3: Deputy Ulrich "Deputy" 200 Jefferson County
(Name, job title, and complete mailing address)

Parkway Golden Co 80419

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? _X_ Yes ___ No (*check one*). Briefly explain:

Also working when incident took Place with Plaintiff at His workPlace

Defendant 3 is being sued in his/her _X_ individual and/or _X_ official capacity.

## C. JURISDICTION

*Indicate the federal legal basis for your claim(s): (check all that apply)*

_X_ 42 U.S.C. § 1983 (state, county, and municipal defendants)

___ *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) (federal defendants)

___ Other: (*please identify*) _____

3

## D. STATEMENT OF CLAIM(S)

*State clearly and concisely every claim that you are asserting in this action. For each claim, specify the right that allegedly has been violated and state all facts that support your claim, including the date(s) on which the incident(s) occurred, the name(s) of the specific person(s) involved in each claim, and the specific facts that show how each person was involved in each claim. You do not need to cite specific legal cases to support your claim(s). If additional space is needed to describe any claim or to assert additional claims, use extra paper to continue that claim or to assert the additional claim(s). Please indicate that additional paper is attached and label the additional pages regarding the statement of claims as "D. STATEMENT OF CLAIMS."*

CLAIM ONE: <u>Race Motivated Excessive force against plaintiff by defendant</u> Jensen
Comes now the defendent Darius C. Hill, pro se before the court to declare that all the facts
Supporting facts:
in this complaint are true and correct to the best of his knowledge.
1) The plaintiff finds that because of the fact that he was incarcerated and/or being held at Jefferson county detention center during the time which these incidents took place that the correct vehicle for a complaint is VIA 42 U.S.C. 1983. The plaintiff also finds that for these same reasons that the United States District Court for the District Of Colorado does have jurisdiction in this matter.
Claim #1: On or about 10/27/2017 Darius C Hill was transferred from minimum custody inside of Jefferson Couty sheriff's office detention center to a higher level custody, i.e. medium or maximum custody by an officer Jansen for an alleged rule violation that he was never charged with. During Mr. Hills transport/move office Jensen slammed Mr. Hill's hand in a door and when the plaintiff informed Mr. Jensen that his hand was caught in the door Officer Jensen spoke saying "you people need to learn not to talk with your hip hop hands". Mr. Hill sustained injuries that were never properly examined by physicians at the detention center and the plaintiff still feels pain to this day in his right hand. Mr. Hill asked many times once he arrived in the higher custody why he was getting treated so bad and why was he being denied the grievance procedure in regards to this incident. The reply he got was that Mr. Hill didn't follow instructions, there for he deserved the brutality and/or treated he was given. The plaintiff finds that because he was never charged with nor issued any rule violation in regards to his conduct/behavior formally or informally, and that the assault and removal of his person from a lesser custody level and his placement in a higher custody level was racially charged because of the fact that "hip hop hands" is a racial statement and or slur. This combined with the fact that he was denied a grievance for this issue is clearly a violation of due process under the 14th amendment and/or a violation of Mr Hill's equal protection rights as ABA Standard 23.41 clearly states that rules that are discretionary and vague are the basis for discrimination and should not exist. And due to the fact that Mr. Hill was never cited for or charged nor convicted of any negative behavior in this incident clearly Mr. Hill's First, 14th, and eighth amendment rights were violated. The plaintiff seeks the maximum penalty punishable by the court and finds that the monetary damages is the only fitting relief applicable. Because he is now incarcerated in the B.O.P. Therefore, for the reasons stated above, The Palintiff Darius C. Hill finds that he is entitled to relief and seeks action/ claim against Deputy Jensen in official and individual capacity however applicable. Mr.Hill seeks $100,000, one hundred thousand dollars U.S. currency for each capacity seperately or the maximum penalty however applicable by the courts and to be decided by the Judge.Gordon P Gallagher. As not only did the plaintiff get physically hurt but the deliberate indifference and willingness to treat Mr. Hill without regard in such a demeaning manner is both spiritually and mentally scarring. As Mr. Hill is affected to this day by Mr. Jensen's actions against him.The plaintiff Darius C. Hill

4

# D. STATEMENT of Claims

has submitted to the court all of the documentation pertaining to this particular claim with the first and original complaint that was filed by the plaintiff.

Therefore, the plaintiff asks that the judge make reference to those original documents as Mr. Hill was not allowed to copy said documents at the time of filing, thus was forced to send original documents. Let with efforts to cure defences in accordance with the courts/order the plaintiff requests that its approximation of times be accepted and if and when needed, the specific dates and times are already enclosed in original documents, attachments, etc. Also the records department of Jefferson couty detention center holds all records as well as Mr. Hill filed written documentation numerous times during his stay. Because of this, the remainder of claims dates will be approximated.

Claim Number Two: Violations of Due process, equal protection of first amendment and 8th ammendment due to placement in a higher custody based on descrimination by Deputy Ulrich.

Between January 15th and February 14th, after working to be placed back on lower custody Mr. Hill was placed back in medium custody and his privileges were drastically restricted by the Custody change for an argument he allegedly had with another inmate over Mr. Hill praying in the day hall. As a result, Deputy Ulrich punished Mr. Hill by placing him on a lockdown custody and never did anything disciplinary to the other person in the argument. No rule violations were written, no write ups were handed out, no sanctions distributed by Deputy Ulrich who said Mr. Hill being a muslim was a problem for everyone and that HE should go do it on a lockdown unit. The Plaintiff finds that due to the fact that niether party in this argument were sanctioned and that essentially no rule was broken, that the two people in the argument should not have been treated differently. They should have been at best seperated, but to change Mr Hill's custody level and living situation significantly without a documentation of any rule violation is a violation of his due process rights under the 14th Amendment. Also the plaintiff finds that his equal protection rights were violated as he was the only one punished by change of custody level and that his first and 8th amendment rights were violated also. Mr. Hill has written requests and was denied grievances in this incident, all his legal remedies were exhausted. His response from the officers was it's 'officer discretion'. The plaintiff finds that ABA clearly frowns upon discretionary rules because they can be descriminatory and in this case they were. Mr. Hill has suffered mentally and spiritually irreversable damage as getting punished for being muslim more than a non-Muslim would be is deflating and demeaning and unconstitutional. Because of the ongoing mental anguish Mr. Hill goes through because of this incident Mr. Hill seeks claims against Deputy Ulrich in the form of $100,000. (One hundred thousand dollars U.S.) He also seeks claim against Deputy Ulrich in his individual capacity for $100,000 (one hundred thousand dollars U.S.), as well as an additional $100,000 U.S. in his official capacity, or whichever is applicable by U.S. courts. If these amounts are above maximum penalty for those violations against Mr. Hills rights, the plaintiff seeks maximum penalty applicable.

Claim Number Three: Descrimination and Violation of the First and 14th Amendments and the 8th Amendment rights of the plaintiff Darius C. Hill by Deputy Luksch.

In the month of January 2018 and again the specific date has been submitted to the courts with attachments, as Mr. Hill has filed paper work prior to this complaint and exhausted all remedies there in. Officer/Deputy Luksch pulled Mr. Hill in a private area and explained to him that praying 5 times a day would not be allowed and that being from Buffalo, NY, he had a staunch disdain for Muslims. At which point Mr. Hill talked to counselor Christine and explained his fear of the officer. Counselor Christine then informed Mr. Hill that the incident would be documented and that she would talk to her supervisor in regards to the incident as well. Mr. Hill/the plaintiff, should never have to live in fear because of his race, gender, religion, or creed, anywhere inside of this beautiful place we call America, while inside of Jail or outside. Yet, the very system designed to protect Mr. Hill attacked and violated his rights to due process, his equal

# D. STATEMENT OF CLAIMS

protection rights, his first amendment rights and also his eight amendment rights. Via officer /Deputy Lucksch's actions in applying pressure upon Mr. Hill, telling him that he couldn't engage in his religious practice because of the officer's prejudice. Mr. Hill seeks claim of $100,000 U.S. against Deptuy Lucksch in his individual capacity and an additional $100,000 against officer Lucksch in his official capacity or whichever is applicable. If $100,000 is above the maximum penalty allowed by law, then Mr. Hill seeks the maximum penalty applicable. As money damages are the only fitting relief for Mr. Hill, because the damage is irreversable, both spiritually and mentally.

Claim Number Four: Inadequate Medical Care

Mr. Hill was complaining of extreme tooth pain from the time he arrived at Jefferson County detention Center until he left. Mr. Hill has filed many grievances and requests in regards to this issue and he was told that he needed to see a specialist and that the dental staff JSCO would not see him. The staff at JSCO issued Mr. Hill two different sets of anti-biotics for the infection in his absess tooth but would not remove the tooth. For 4 months Mr. Hill was in extreme pain to the point of migraine headaches every dayy. All of this because the Dental staff at JSCO would not referr Mr. Hill to a specialist, nor would they remove the tooth themselves. Mr. Hill never refused any treatment by Dental staff and therefore it is obvious that he was denied medical care because of the many request/grievances in regards to.deliberate indifference to a serious medical need which is determined by the fact that any lay peson could easily understand the fact that a wisdom tooth absess is something that is clearly painful and clearly affects a persons daily acts. The plaintiff finds that this is a violation of Mr. Hill's 8th Amendment rights, which cover the right to pretrial detainees to receive medical care. Mr. Hill seeks claims against the medical staff at Jefferson County Detention center in the amount of $100,000 U.S. and the dentist at the facility for $100,000 US, in his/her official capacity and in the dentist's individual capacity as well. The reason Mr. Hill holds the Jefferson County Detention Center liable as well as the dentist at JSCO is because it is the policy that allowed Mr. Hill's medical denial as well as the dentists deliberate indifference..

Claim Number Five: Constitutional violations due to tampering with legal mail.

On or about the dates of November 10th, 2017, February 2, 2018, January 22nd, 2018, the plaintiff, Darius C. Hill, received legal mail from the office of Timothy OHara, at the federal Public defenders office. Each time Mr. Hill received mail opened and missing pages.. The mail was received at 2in the morning and slid under his door, not being opened in front of him. Because of the pages missing in discoveries, Mr. Hill was not able to adequately defend himself against allegations because of missing legal mail, and feels that he was semi-forced or coerced to take a plea deal because of the lack of information via the missing discoveries. Due to his ~~wanted~~ to be released as fast as possible. ~~When~~ Mr. Hill wrote a request to SGT Junkala regarding the issue, Junkala replied that he has 1500 inmates with no complaints and that there is no legal mail policy at their jail. So they can hand it out as they please. The Palintiff finds that deliberate indifference to legal mail system is clearly a violation of due process, equal protection, and 14th amendment rights. Legal mail should always be opened in front of the inmates and signed for by the inmate, to and/or from addressed sacrosanct. The plaintiff seeks damages in the amount of $100,000 US from Sgt. Junkala in his official capacity and $100,000 US from Sgt Junkala in his individual capacity, as well as or whichever is applicable, because according to Sgt Junkala he is Sgt of the mail room, which never officially gave Mr. Hill any legal mail because Mr. Hill never was afforded the right to sign for or have his legal mail opened in front of him.

Claim Number Six: Violations of Constitutional rights due to policy of institution as well a culture promoted by supervisors.

The plaintiff is also seeking claim against chief Readon of Jefferson County Detention Center because when MR. Hill filed inmate request and grievances it was repeatedly told to him that it was policy that alloted and allowed for officer and staff discretion. Which is the basis for all of these violations of Mr. Hills rights therebore it is the supervisors fault for building such a culture to allow such behaviors.Therefore the plaintiff seeks claim against Chief Robert Readon in the amount of $100,000 US in his offical capacity and in his individual capacity, whichever applicable, and if $100,000 is more than the maximum amount allowed, the plaintiff seeks maximum penalty in both capacities.

All in all the plaintiff DArius C. Hill emplores the court to take a serious look at all

d

4.2

D. STATEMENT of Claims

at all documentation and all claims sent in including attachments as so many violations of rights to one person in a 4 month period is deeply concerning to the plaintiff and should be to the courts as well. The plaintiff requests that the court show favor to the plaintiff as these claims are clear and on the correct forms by granting and ruiling in favor of the plaintiff for all claims brought against defendants. For reasons stated above and in the interest of complete justice.

Respectfully Submitted

*[signature]*

Darius C. Hill

Further, as there is not enough room on proper forms for all defendants, all the defendants are as follows:

Robert Readon  
Deputy Ulrich,  
Deputy Jensen  
Deputy Junkala "Sargent"  
Deputy Luksch

200 Jefferson County  
Parkway Golden County  
80419

### E. PREVIOUS LAWSUITS

Have you ever filed a lawsuit, other than this lawsuit, in any federal or state court while you were incarcerated? ___ Yes _X_ No (*check one*).

*If your answer is "Yes," complete this section of the form. If you have filed more than one previous lawsuit, use additional paper to provide the requested information for each previous lawsuit. Please indicate that additional paper is attached and label the additional pages regarding previous lawsuits as "E. PREVIOUS LAWSUITS."*

Name(s) of defendant(s): _____

Docket number and court: _____

Claims raised: _____

Disposition: (is the case still pending?
has it been dismissed?; was relief granted?) _____

Reasons for dismissal, if dismissed: _____

Result on appeal, if appealed: _____

### F. ADMINISTRATIVE REMEDIES

*WARNING: Prisoners must exhaust administrative remedies before filing an action in federal court regarding prison conditions. See 42 U.S.C. § 1997e(a). Your case may be dismissed or judgment entered against you if you have not exhausted administrative remedies.*

Is there a formal grievance procedure at the institution in which you are confined?

    _X_ Yes ___ No (*check one*)

Did you exhaust administrative remedies?

    _X_ Yes ___ No (*check one*)

## G. REQUEST FOR RELIEF

*State the relief you are requesting or what you want the court to do. If additional space is needed to identify the relief you are requesting, use extra paper to request relief. Please indicate that additional paper is attached and label the additional pages regarding relief as "G. REQUEST FOR RELIEF."* THE Plaintiff Seeks 100,000$ .US currency for each claim on each defendant in both individual and official capacities seperately totaling 200,000$ U.S. currency Per claim. I these amounts exceed the Maximum Penalty Alloted, by courts the Plaintiff Seeks maximum Penalty Applicable for all claims

## H. PLAINTIFF'S SIGNATURE

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

_____
(Plaintiff's signature)

_____
(Date)

(Form Revised December 2017)



Name: DARIUS C GILL
Reg. No.: 44421-013
Federal Correctional Institution
P.O. Box 6000
Florence, CO 81226

Alfred A ARRAS
United States District Court
Office of the Clerk
Judge Gordon P Gallagher
901 19th Rm A105
Denver Colorado 94-3589