# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-290-NYW

DARIUS CARLTON HILL,

Plaintiff,

v.

DEPUTY DANIEL ULLRICH,
DEPUTY DAVID LUKSCH, and
DEPUTY GEIR JENSEN, and

Defendants.

## MOTION TO DISMISS AMENDED COMPLAINT

Defendants Deputy Sheriff Daniel Ullrich, Deputy Sheriff David Luksch, and Deputy Sheriff Geir Jensen ("Dep. Ullrich," Dep. Luksch," and "Dep. Jensen," respectively; collectively, the "Deputies), by and through the Jefferson County Attorney and Assistant County Attorneys Rebecca Klymkowsky and Rachel Bender, hereby respond to Plaintiff Darius Carlton Hill's Amended Complaint ("Mr. Hill" or "Plaintiff," and the "Amended Complaint," respectively) [ECF No. 23] as follows:

### Conferral

Under D.C.COLO. LCIVR 7.1(b)(1), no conferral is necessary when filing a motion in a case involving an unrepresented prisoner and, under D.C.COLO. LCIVR 7.1(b)(2), no conferral is necessary prior to filing a motion under FED. R. CIV. P. 12.

### Background

Mr. Hill initiated this matter by filing a Civil Rights Complaint on February 5, 2018, while incarcerated in the Federal Correctional Institution ("FCI") in Florence, Colorado, alleging claims arising from his time as an inmate in the Jefferson County Jail (the "Jail"). Pursuant to the Court's April 20, 2018 Order [ECF No. 19], Mr. Hill filed his Amended Complaint, which the Court dismissed in part on November 16, 2018 [ECF. No. 28].

Following this Court's partial dismissal, three claims remain. In Claim One, Mr. Hill alleges that on or about October 27, 2017, he was transferred to a higher classification level in the jail. (Am. Compl. at 4.) During the associated housing change, Dep. Jensen allegedly "slammed Mr. Hill's hand in a door" and, when Mr. Hill informed Dep. Jensen "that his hand was caught in the door, Officer Jensen spoke saying 'you people need to learn not to talk with your hip hop hands.'" (Am. Compl. at 4.) Mr. Hill alleges that Dep. Jensen's conduct violated his Fourteenth Amendment rights.[1]

In Claim Two, Mr. Hill alleges that between January 15 and February 14,[2] he had worked his way back to a lower classification level but was returned to a higher classification level because of "an argument he allegedly had with another inmate over Mr. Hill praying in the day hall." (Am. Compl. at 4.1.) Mr. Hill alleges that his return to a higher classification level and Dep. Ullrich's alleged comment that "Mr. Hill being a muslim [sic] was a problem for everyone and that HE should go do it on a lockdown unit" violated his right to equal protection under the

---

[1] Although Mr. Hill alleges that his hand was never properly examined by medical staff and still causes him pain, he does not name any medical defendants. As a result, this claim appears to be based solely on an allegation of excessive force by Dep. Jensen.
[2] It appears these allegations most likely relate to events in 2018 but the Amended Complaint does not specify the year.

Fourteenth Amendment and, possibly, his right to free exercise under the First Amendment. (Am. Compl. at 4.1.)

In Claim Three, Mr. Hill alleged that in January of 2018, Dep. Luksch "pulled Mr. Hill into a private area and explained to him that praying 5 times a day would not be allowed and that being from Buffalo, NY, he had a staunch disdain for Muslims." (Am. Compl. at 4.1.) Mr. Hill alleged that this statement violated his right to free exercise of his religion under the First Amendment. (Am. Compl. at 4.1-4.2.) Throughout the Amended Complaint, Mr. Hill also alleges that he was denied grievances to address these issues. (See Am. Compl. at 4 (Dep. Jensen's comments "combined with the fact that he was denied a grievance for this issue is clearly a violation of due process. . . "), 4.1 ("Mr. Hill has written requests and was denied grievances in this incident, all his legal remedies were exhausted.").) However, Mr. Hill filed numerous kites and grievances during his time in the Jail, including documents related to his allegations in the Amended Complaint.

The Court must dismiss Mr. Hill's remaining claims. First, the Court must dismiss Mr. Hill's claims against Dep. Jensen and Dep. Luksch because Mr. Hill did not exhaust his administrative remedies at the Jail, as required by the Prison Litigation Reform Act, codified at 42 U.S.C. § 1997e. The PLRA applies to those claims because Mr. Hill was incarcerated at FCI when he filed his original Complaint and his Amended Complaint, as evidenced by the information he provided in those filings. Additionally, the Deputies are entitled to qualified immunity both because Mr. Hill has not alleged plausible constitutional claims and because the Deputies did not violate Mr. Hill's clearly-established rights.

**Standard of Review**

To survive a motion to dismiss under Fed. R. Civ. P 12(b)(6), the Supreme Court has emphasized that:

> a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2009)); *see also Brown v. Montoya*, 662 F.3d 1152, 1162-63 (10th Cir. 2011) ("Because we are reviewing the qualified immunity issue in the context of a motion to dismiss, we bear in mind the standard governing motions to dismiss, which the Supreme Court recently addressed in [*Twombly*], 550 U.S. 544 (2007), and [*Iqbal*], 556 U.S. 662 (2009)."). "[P]lausibility" in this context must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs "have not nudged their claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). "The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief." *Id.*; *see also Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) ("the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for these claims") (emphasis original).

Where a party has raised qualified immunity at the motion to dismiss stage, the Tenth Circuit has recognized that "[t]he *Twombly* standard may have greater bite . . . , appropriately reflecting the special interest in resolving the affirmative defense of qualified immunity at the earliest possible stage of a litigation." *Acosta v. Jani-King of Oklahoma, Inc.*, 905 F.3d 1156, 1160 (10th Cir. 2018) (quoting *Robbins*, 519 F.3d at 1249).

The Supreme Court has directed courts to hold pro se litigants' pleadings "to less stringent standards than formal pleadings drafted by lawyers." *Tatten v. City & Cty. of Denver*, 730 Fed. App'x 620, 623-24 (10th Cir. 2018), *cert. denied* No. 18-595, 2019 WL 113177 (Jan. 7, 2019) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). The courts "have interpreted the *Haines* rule to mean 'that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so.'" *Id.* (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991)). This liberal-construction rule does not, however, relieve a pro se plaintiff of his burden to present sufficient facts to state a legally cognizable claim, nor will the court act as his advocate and make his arguments for him. *Id.*

**Argument**

I. **Mr. Hill failed to exhaust his administrative remedies as required by the PLRA for his claims against Dep. Luksch and Dep. Jensen.**

The Court must dismiss the claim against Dep. Luksch and Dep. Jensen because Mr. Hill did not exhaust his administrative remedies related to those claims. *See Jones v. Bock*, 549 U.S. 199, 221-222 (2007) (holding that where exhausted and unexhausted claims are brought in the same suit, dismissal of those claims that are not exhausted is appropriate).

The PLRA provides, in relevant part: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in

any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C.A. §1997e(a); *see also Porter v. Nussle*, 534 U.S. 516, 520 (2002) (holding that "§ 1997e(a)'s exhaustion requirement applies to all prisoners seeking redress for prison circumstances or occurrences."). The PLRA requires inmates to exhaust "available" administrative remedies prior to filing an action under Section 1983, even where the "available" remedies appear futile at providing the kind of remedy sought. *Schelin v. Haun*, 92 F. App'x 688, 690 (10th Cir. 2004) (citing *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002)); *see also Hopkins*, 36 F. App'x at 369 ("[E]xhaustion of administrative remedies is a prerequisite to suits brought by prisoners under 42 U.S.C. § 1983, and the Supreme Court has held that the exhaustion requirements of section 1997e apply to suits seeking monetary damages that are not administratively available.").

Here, Mr. Hill alleges that he was denied the ability to file grievances, but the exhibits he attached to his Complaint and which he references in his Amended Complaint demonstrate that he filed numerous kites on a variety of issues. (*See* **Exhibit A**, Mr. Hill's kites and grievances.)[3] While "the burden is not on the plaintiff to sufficiently plead exhaustion or attach exhibits

---

[3] Because compliance with the PLRA's exhaustion requirement is mandatory and failure to comply acts as a complete bar to suit, *see Jones v. Bock*, 549 U.S. 199, 212 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."), the Deputies respectfully request that the Court consider this motion as a FED. R. CIV. P. 56 motion if it cannot resolve the exhaustion issue on the face of the pleadings. *See Toevs v. Quinn*, 2017 WL 1055314, *3 (D. Colo. Mar. 21, 2017) (considering exhaustion under the PLRA under Rule 56); *Escobar v. Reid*, 668 F. Supp. 2d 1260, 1286 (D. Colo. 2009) ("The failure to exhaust is generally viewed as an allegation that the complaint fails to state a claim pursuant to FED. R. CIV. P. 12(b)(6), *see* [*Jones*, 549 U.S. at 201], but the Court analyzes the issue here pursuant to FED. R. CIV. P. 56. As such, the Defendants have the burden of proof on the exhaustion issue and Defendants must establish every element of this affirmative defense by sufficient, competent evidence.").

proving exhaustion," *see Escobar*, 668 F. Supp. 2d at 1286 (citing *Jones*, 549 U.S. at 201), a review Mr. Hill's kites and grievances shows the following:

1. Mr. Hill filed several kites and what he titles as a grievance against Dep. Jensen. (**Ex. A** at 1-2, 5), but did not appeal the grievance further. Critically, the response to Mr. Hill's November 4, 2017 grievance was (a) that "[b]ased upon our conversation, you agreed that you were not assault," (**Ex. A** at 5.), and (b) that Mr. Hill would "be able to refute the violations for which [he] was written up for at the disciplinary hearing," (*id.*).

2. Based on a review of the Jail's records, Mr. Hill does not appear to have filed any complaints regarding his allegations against Dep. Luksch.

In sum, Mr. Hill kited but failed to fully exhaust the issues raised in his first claim for relief against Dep. Jensen and failed to invoke any step in the grievance process with regard to his third claim for relief against Dep. Luksch. As a result, these claim have not been administratively exhausted and must be dismissed.[4] Accordingly, Mr. Hill's claims against Dep. Luksch and Dep. Jensen must be dismissed due to his failure to exhaust his administrative remedies under the PLRA.

## II. The PLRA's recovery-limiting provision bars Mr. Hill's claims because those claims are either based on *de minimus* physical injury or mental and emotional injury alone.

In addition to barring inmate lawsuits based on unexhausted claims, the PLRA requires

---

[4] The fact that Mr. Hill was transferred from the Jail to FCI on DATE does not relieve him of the obligation to exhaust the Jail's administrative remedies before the PLRA will permit him to bring suit. CITE.

the inmate-litigant to show actual physical injuries in order to bring an action for damages. 42 U.S.C. § 1997e(e).

> The Tenth Circuit has provided little guidance for district courts on the issue of what constitutes a "physical injury" when a plaintiff complains of a lack of sufficient medical treatment. By way of example, in *Murray v. Edwards County Sheriff's Dept.,* 248 F. App'x 993, 996–97 (10th Cir.2007), the Tenth Circuit assumed, without deciding, that a plaintiff's headaches and tooth pain were sufficient to satisfy the physical injury requirement where the plaintiff's allegations related to a lack of dental care and continuous lighting in his cell. Additionally, it is clear that while a plaintiff's alleged physical injury "need not be substantial" to satisfy the § 1997e(e) requirement, it must be more than *de minimis. Clifton v. Eubank,* 418 F.Supp.2d 1243, 1245 (D.Colo.2006) (citing *Mitchell v. Horn,* 318 F.3d 523, 536 (3rd Cir.2003)). "Physical pain, standing alone, is a de minimis injury ... and, accordingly, fails to overcome the PLRA's bar; but, when paired with allegations of physical effects, physical pain may support a claim under the PLRA." *Id.* at 1246 (citing *Mata v. Saiz,* 427 F.3d 745, 755 (10th Cir.2005); *Sealock v. Colorado,* 218 F.3d 1205, 1210 (10th Cir.2000)).

*McConnell v. Cirbo*, No. 11-CV-02342-WJM-KLM, 2012 WL 3590762, at *11 (D. Colo. Apr. 24, 2012), *report and recommendation adopted*, No. 11-CV-02342-WJM-KLM, 2012 WL 3590760 (D. Colo. Aug. 20, 2012).

Mr. Hill alleges that Dep. Ullirch and Dep. Luksch's actions caused him to suffer "mentally and spiritually irreversible damage," were "deflating and demeaning," and caused him to feel fear. (Am. Compl. at 4.1.) The Tenth Circuit has held that Section 1997e(e) "limits the remedies available, regardless of the rights asserted, if the only injuries are mental or emotional." *Searles v. Van Bebber*, 251 F.3d 869, 876 (10th Cir. 2001) (citing *Robison v. Page*, 170 F.3d 747, 748 (7th Cir. 1999)). As a result, the recovery-limiting provision of the PLRA bars Mr. Hill's claims against Dep. Ullrich and Luksch.

The sole physical injury Mr. Hill alleges is that Dep. Jensen "slammed [his[ hand in a door," which caused him "pain to this day in his right hand." (Am. Compl. at 4.) Although Mr. Hill filed numerous kites about a variety of medical issues, he never requested that Jail medical staff examine his hand or complained of injury at the time of the incident. (*See* **Ex. A** at 3 (Nov. 1, 2017 medical kite regarding flu symptoms); 5 (Nov. 4, 2017 grievance that do not mention any physical injury); 8 (Nov. 6, 2017 medical kite regarding reimbursement of medical costs); 15 (Nov. 9, 2017 medical kite regarding tooth pain); 16 (second Nov. 9, 2017 medical kite involving tooth pain and abscess); 18 (Nov. 13, 2017 medical kite regarding reimbursement of medical costs); 21 (Nov. 15, 2017 medical kite regarding reimbursement for medical costs).) Mr. Hill's failure to set forth any alleged injuries means he fails to state a claim for physical injury necessary to bring a claim under the PLRA. *See Muhammad v. Sosa*, No. 06-cv-00763-WYD-BNB, 2008 WL 762253, at *4 (D. Colo. March 19, 2008) ("Further, Plaintiff [prisoner] does not allege he suffered more than a *de minimis* injury resulting from the alleged actions by Defendants. Indeed, he fails to allege any specific injury."). Because Mr. Hill has failed to satisfy the physical injury prerequisite of the PLRA's recovery-limiting provision for any of his claims, the Court must dismiss the Amended Complaint.

**III.     Dep. Ullrich and Dep. Luksch are entitled to qualified immunity in this case.**

Even if the Court finds that some or all of Mr. Hill's claims survive the PLRA's exhaustion requirement, Dep. Ullrich and Dep. Luksch are entitled to qualified immunity for claims against them in their individual capacities unless their conduct violated a clearly established constitutional right. *Inman v. Stock*, 248 F. App'x 892, 894 (10th Cir. 2007) (citing *Saucier v. Katz*, 533 U.S. 194, 201 (2001)). "[G]overnment officials performing discretionary

functions generally are granted a qualified immunity and are 'shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Wilson v. Layne*, 526 U.S. 603, 609 (1999) (citations and internal quotations omitted).

"Once a defendant pleads qualified immunity, plaintiff initially bears a heavy two-part burden." *Albright v. Rodriquez*, 51 F.3d 1531, 1534 (10th Cir. 1995). To overcome the qualified immunity defense Plaintiff must establish that Defendants' alleged "conduct violated a constitutional right." *Saucier*, 533 U.S. at 201. "If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity." *Id.* Plaintiff is also required to demonstrate that the right allegedly violated was clearly established. "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Holland v. Harrington*, 268 F.3d 1179, 1186 (10th Cir. 2001) (citations and internal quotations omitted). The Deputies address each of the remaining claims in turn.[5]

### A. Mr. Hill's allegations do not support a Fourteenth Amendment equal protection claim or a First Amendment retaliation claim against Dep. Ullrich.

#### i. Equal protection claim

In the second claim for relief, Mr. Hill alleges that Dep. Ullrich violated his right to equal protection under the Fourteenth Amendment by moving him from lower custody to medium

---

[5] While the Deputies believe that Dep. Jensen is also entitled to qualified immunity, the paucity of allegations in the Amended Complaint do not allow the Deputies to raise the defense at this time.

custody but not punishing the other inmate who was engaged in the argument, as a result of Mr. Hill's religious beliefs and practice. However, Mr. Hill has failed to sufficiently state an equal protection claim.

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *Requena v. Roberts*, 892 F.3d 1195, 1210 (10th Cir. June 22, 2018) (quoting *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985)). "In order to assert a viable equal protection claim, plaintiffs must first make a threshold showing that they were treated differently from others who were similarly situated to them." *Barney v. Pulsipher*, 143 F.3d 1299, 1312 (10th Cir. 1998). "Individuals are 'similarly situated' only if they are alike 'in all relevant respects.'" *Requena*, 893 F.3d at 1210 (quoting *Coal. for Equal Rights, Inc. v. Ritter*, 517 F.3d 1195, 1199 (10th Cir. 2008)).

> Plaintiff bears the burden of demonstrating discriminatory intent; a Plaintiff must present specific facts which demonstrate that a discriminatory purpose was a motivating factor in the decision attacked by the complaint. *Watson v. City of Kansas City, Kan.,* 857 F.2d 690, 694 (10th Cir .1988). "'Discriminatory purpose' ... implies more than intent as volition or intent as awareness of consequences. It implies that the decision maker ... selected or reaffirmed a particular course of action at least in part 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group." *Personnel Adm'r of Mass. v. Feeney,* 442 U.S. 256, 279 (1979).

*Vigil v. Jones*, No. 09CV01676PABKLM, 2010 WL 3703582, at *9 (D. Colo. Aug. 9, 2010), *report and recommendation adopted*, No. 09CV01676PABKLM, 2010 WL 3703675 (D. Colo. Sept. 13, 2010), *order vacated in part on reconsideration sub nom. Vigil v. Colorado Dep't of Corr.*, No. 09-CV-01676-PAB-KLM, 2011 WL 1518660 (D. Colo. Apr. 20, 2011).

Here, Mr. Hill has failed to allege that he was treated differently than similarly situated persons. Although Mr. Hill alleges that he was moved from lower custody to medium custody as a result of his religious beliefs and practices, whereas the other inmate involved in the argument was not moved, Mr. Hill fails to identify or include allegations about the religious beliefs of the other inmate involved in the argument. Given that there are no such allegations, there is no basis for finding that Mr. Hill was moved as a result of his religious beliefs and/or practices and, in fact, it seems reasonable to conclude that one of the two inmates needed to be transferred as a result of the argument for legitimate penological interests of maintaining the safety and security of all inmates. *See, e.g., Hale v. Fed. Bureau of Prisons*, No. 18-1141, 2019 WL 117616, at *9 (10th Cir. Jan. 7, 2019) (holding plaintiff failed to demonstrate he was treated differently than other similarly situated individuals when he failed to identify any inmates of another religion who were permitted to engage in the activity in question).

Notably, there are no allegations about the religious belief of the other inmate with whom Mr. Hill had the argument and, therefore, insufficient allegations to show that he was transferred as a result of his religious beliefs or practices. As a result, Mr. Hill has failed to allege a plausible equal protection claim. Additionally, even if the Court finds that Mr. Hill has alleged a plausible equal protection claim, the Deputies contend that Mr. Hill cannot demonstrate that Dep. Ullrich's decision to reclassify him violated any clearly established law at the time of this incident.

### ii. First Amendment retaliation claim

While it is unclear whether Mr. Hill is alleging a First Amendment retaliation claim in addition to his equal protection claim, Mr. Hill appears to allege that Dep. Ullrich retaliated against him for exercising his religious rights in violation of the First Amendment when placing

him in medium custody following an argument with another inmate. To the extent Mr. Hill is trying to allege a First Amendment retaliation claim, the Court should reject this claim.

In order to state a First Amendment retaliation claim, Mr. Hill had to allege:

> (1) that [he] was engaged in constitutionally protected activity; (2) that the defendant's actions caused [him] to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and (3) that the defendant's adverse action was substantially motivated as a response to [his] exercise of constitutionally protected conduct.

*Banks v. Katzenmeyer*, 645 F. App'x 770, 772 (10th Cir. 2016) (citing *Shero v. City of Grove,* 510 F.3d 1196, 1203 (10th Cir.2007)).

By Mr. Hill's own allegations, Dep. Ullrich changed his classification because he was engaged in an argument with another individual detained in the Jail, not because of any constitutionally protected activity. (Am. Compl. at 4.1.) As a result, Mr. Hill has failed to allege that he meets the first element for a successful retaliation claim. Similarly, Mr. Hill does not allege that being reclassified to a higher classification level would have chilled a person of ordinary firmness from continuing to engage in a constitutionally protected activity or that he was so chilled. In fact, although it is not clear whether Mr. Hill's allegations against Dep. Ullrich predated those against Dep. Luksch, it appears that Mr. Hill continued his religious practices unabated following his reclassification after Dep. Ullrich's alleged comments and apparently after Dep. Luksch's alleged comments as well. (Am. Compl. at 4.1.) Because Mr. Hill's allegations fail to establish the elements of a First Amendment retaliation claim against Dep. Ullrich, the Court must dismiss this claim for failure to state a claim.

Additionally, even if the Court finds that Mr. Hill has alleged a plausible First Amendment retaliation claim, the Deputies contend that Mr. Hill cannot demonstrate that Dep.

13

Ullrich's single comment was in fact linked to Mr. Hill's reclassification or violated any clearly established law at the time of this incident.

### B. Mr. Hill's allegations do not support free exercise claims against Dep. Luksch.

Mr. Hill alleges that Dep. Luksch violated his free exercise rights under the First Amendment by preventing him from practicing his religion. The Court should reject this claim.

"It is well-settled that 'inmates . . . retain protections afforded by the First Amendment, including its directive that no law shall prohibit the free exercise of religion.'" *Kay v. Bemis,* 500 F.3d 1214, 1219 (10th Cir. 2007) (quoting *O'Lone v. Estate of Shabazz,* 482 U.S. 342, 348 (1987)). "Yet such protections are not without reasonable limitations." *Id.* "In order to allege a constitutional violation based on a free exercise claim, a prisoner-plaintiff must survive a two-step inquiry. First, the prisoner-plaintiff must show that a prison regulation 'substantially burdened . . . sincerely-held religious beliefs.'" *Id.* (quoting Boles v. *Neet*, 486 F.3d 1177, 1182 (10th Cir. 2007)).

The Deputies do not at this point contest the sincerity of Mr. Hill's religious beliefs but contend that Mr. Hill's allegations demonstrate that he was not substantially burdened in his religious exercise. While Mr. Hill alleges that Dep. Luksch's actions caused him to feel fear and, as a result, speak to a counselor in the Jail, he does not allege that the statement inhibited him from practicing his religion or from expressing his concerns about Dep. Luksch's alleged comments to other Jail staff. (Am. Compl. at 4.1.); *and see, e.g., Kay*, 500 F.3d at 1219 (successful free exercise clause claims require that challenged governmental action substantially burden a religious exercise); *Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1320 (10th Cir. 2010) (discussing the meaning of substantial burden in the RLUIPA and Free Exercise Clause

contexts). Because Mr. Hill does not allege that Dep. Luksch's comments had any effect on his free exercise of his religious beliefs, the Court must dismiss this claim as well. Additionally, even if the Court finds that Mr. Hill has alleged a plausible First Amendment free exercise claim, the Deputies contend that Mr. Hill cannot demonstrate that Dep. Luksch's single comment violated any clearly established law at the time of this incident.

## Conclusion

As discussed above, the Court should dismiss Mr. Hill's claims and this matter in its entirety. First, the Court must dismiss Dep. Jensen and Dep. Luksch because Mr. Hill did not exhaust his administrative remedies for his claims against them, as required by the PLRA. Second, Mr. Hill fails to allege a more than de minimus physical injury for his claim against Dep. Jensen or any physical injury for his claims against Dep. Ullrich and Dep. Luksch, which requires dismissal of those claims. Third, Mr. Hill has not plausibly pled his claims against Dep. Ullrich and Dep. Luksch. As a result, the Deputies respectfully request that the Court dismiss Mr. Hill's Amended Complaint in its entirety.

Dated: January 22, 2019.  
JEFFERSON COUNTY ATTORNEY  
ELLEN G. WAKEMAN, #12290

By: */s/ Rebecca Klymkowsky*  
Rebecca Klymkowsky, #41673  
Rachel Bender, #46228  
Assistant County Attorneys  
100 Jefferson County Parkway, Suite 5500  
Golden, Colorado 80419  
Telephone: 303.271.8932  
Facsimile: 303.271.8901  
rklymkow@jeffco.us  
rbender@jeffco.us  
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

   I hereby certify that on January 22, 2019, I filed the foregoing **MOTION TO DISMISS AMENDED COMPLAINT** via the US District Court CM/ECF System and served a true and correct copy upon the following:

Darius Carlton Hill
544 Zion Street
Aurora, CO 80011
*Plaintiff, pro se*

               */s/ Briana McCarten*